**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| ALTO DYNAMICS, LLC, | CIVIL ACTION NO. 2:22-cv-00064 |
| Plaintiff, | |
| v. | **JURY TRIAL DEMANDED** |
| REDFIN CORPORATION., | |
| Defendant. | |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Alto Dynamics, LLC ("Alto Dynamics" or "Plaintiff") files this complaint against

Defendant Redfin Corporation ("Redfin" or "Defendant") alleging, based on its own knowledge

as to itself and its own actions, and based on information and belief as to all other matters, as

follows:

**NATURE OF THE ACTION**

1.    This is a patent infringement action to stop Defendant's infringement of the following

United States Patents (collectively, the "Asserted Patents"), copies of which are attached hereto as

**Exhibit A, Exhibit B, Exhibit C, Exhibit D**, and **Exhibit E**, respectively:

| | U.S. Patent No. | Title |
|---|---|---|
| A. | 6,691,103 | Method For Searching A Database, Search Engine System For Searching A Database, And Method Of Providing A Key Table For Use By A Search Engine For A Database |
| B. | 6,604,100 | Method For Converting Relational Data Into A Structured Document |
| C. | 7,392,160 | System And Method For Monitoring Usage Patterns |
| D. | 8,051,098 | Systems And Methods For State-Less Authentication |
| E. | RE46,513 | Systems And Methods For State-Less Authentication |

2.    Alto Dynamics seeks injunctive relief and monetary damages.

## PARTIES

3.    Alto Dynamics, LLC is a limited liability company organized under the laws of the State of Georgia, with its principal place of business at 4275 Peachtree Corners Circle, Suite 230, Peachtree Corners, Georgia 30092 (Gwinnett County).

4.    Redfin Corporation is a corporation organized under the laws of Delaware with its corporate headquarters located at 1099 Stewart Street, Suite 600, Seattle, Washington 98101.

5.    Defendant may both be served through its registered agent for service, Legalinc Corporate Services Inc., which is located at 10601 Clarence Drive, Suite 250, Frisco, Texas 75033.

## JURISDICTION AND VENUE

6.    Alto Dynamics repeats and re-alleges the allegations in the Paragraphs above as though fully set forth in their entirety.

7.    This is an action for infringement of a United States patent arising under 35 U.S.C. §§ 271, 281, and 284–85, among others.  This Court has subject matter jurisdiction of the action under 28 U.S.C. § 1331 and § 1338(a).

8.    Venue is proper against Defendant in this District pursuant to 28 U.S.C. § 1400(b) because it has maintained an established and regular places of business in this District and has committed acts of patent infringement in this District.  *See In re: Cray Inc.*, 871 F.3d 1355, 1362-1363 (Fed. Cir. 2017).

9.    Defendant is subject to this Court's specific and general personal jurisdiction under due process and/or the Texas Long Arm Statute due at least to Defendant's substantial business in this judicial district, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, or deriving substantial revenue from goods and services provided to individuals in Texas and in this District.

10.     Specifically, Defendant intends to do and does business in, has committed acts of infringement in, and continues to commit acts of infringement in this District directly, through intermediaries, by contributing to and through its inducement of third parties, and offers its products or services, including those accused of infringement here, to customers and potential customers located in Texas, including in this District.

11.     Defendant maintains regular and established places of business in this District.

12.     Upon information and belief and based upon public information, Defendant owns, operates, manages, conducts business, and directs and controls the operations of, and has employees that work from and out of, facilities at locations in this District, including, but not limited to, facilities at the following address: 2611 Internet Boulevard, Suite 201, Frisco, Texas 75034 (Denton County).

13.     Redfin is registered to do business in Texas and has been registered to do business in Texas since 2009.

14.     Redfin has a Texas Corporate Real Estate Broker's License (#605104) listing its business address as 2611 Internet Boulevard, Suite 201, Frisco, Texas 75034.  *See* **Exhibit F** and **Exhibit G.**

15.     Defendant commits acts of infringement from this District, including, but not limited to, use of the Accused Instrumentalities and inducement of third parties to use the Accused Instrumentalities.

### THE ACCUSED INSTRUMENTALITIES

16.     Alto Dynamics repeats and re-alleges the allegations in the Paragraphs above as though fully set forth in their entirety.

17.     Based upon public information, Redfin owns, operates, advertises, and/or controls the website redfin.com and associated hardware, software, and functionality that among other features, allows users to view, search, and save or store real estate listings in areas of the user's choosing, tracks user activities and preferences using, *e.g.,* cookies, and provides website and user authentication through, *e.g.,* user login processes (the "Accused Instrumentalities").

18.     Based upon public information, Redfin, directly and/or through its agents and intermediaries, also operates, advertises, and/or controls the office in Frisco, through which it and its agents, customers, and employees use, advertise, provide, and/or educate third-parties about the Accused Instrumentalities.

**COUNT I: INFRINGEMENT OF U.S. PATENT NO. 6,691,103**

19.     Alto Dynamics repeats and re-alleges the allegations in the Paragraphs above as though fully set forth in their entirety.

20.     The United States Patent and Trademark Office ("USPTO") duly issued U.S. Patent No. 6,691,103 (the "'103 patent") on February 10, 2004, after full and fair examination of Application No. 10/114,423, which was filed on April 2, 2002. *See* Ex. A at A-1.

21.     The '103 patent is entitled "Method For Searching A Database, Search Engine System For Searching A Database, And Method Of Providing A Key Table For Use By A Search Engine For A Database." *See id.*

22.     Alto Dynamics owns all substantial rights, interest, and title in and to the '103 patent, including the sole and exclusive right to prosecute this action and enforce the '103 patent against infringers, and to collect damages for all relevant times.

23.     The claims of the '103 patent are not directed to an abstract idea and are not limited to well-understood, routine, or conventional activity.   Rather, the claimed inventions include

inventive components that improve upon the function and operation of preexisting systems and methods of database searching techniques and systems.

24.   The written description of the '103 patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the priority date. The '103 patent also identifies and circumscribes all information necessary for a skilled artisan to perform each limitation in the claims in light of that which was known in the art at the priority date.

25.   Defendant has infringed and continues to infringe the '103 patent by using, providing, supplying, or distributing the Accused Instrumentalities.

26.   Defendant has directly infringed and continues to directly infringe, either literally or under the doctrine of equivalents, at least claim 1 of the '103 patent.

27.   For example, the Accused Instrumentalities perform, and allow users to perform, a method for searching a database including a plurality of records, at least some of said records having a plurality of record fields and a plurality of record elements, comprising the steps of receiving a search criteria including a plurality of search elements corresponding to at least some of the record elements of said database, each of said search elements being capable of returning one or more corresponding search results from the records of said database; ordering the search elements of said search criteria based upon an expected size of the corresponding search results from said database; and searching said database with one of said search elements, which is expected to provide a first group of said search results, before searching said database with another

one of said search elements, which is expected to provide a second group of said search results, said second group being larger in size than said first group.

28.     Since at least the time of receiving this Complaint, Defendant has also indirectly infringed and continues to indirectly infringe the '103 patent by inducing others to directly infringe the '103 patent.  Defendant has induced and continues to induce its subsidiaries, partners, affiliates, and end-users, including Defendant's customers and potential customers, to directly infringe, either literally or under the doctrine of equivalents, the '103 patent by using the Accused Instrumentalities.  Defendant took active steps, directly or through contractual relationships with others, with the specific intent to cause them to use the Accused Instrumentalities in a manner that infringes one or more claims of the '103 patent, including, for example, claim 1 of the '103 patent. Such steps by Defendant included, among other things, advising or directing personnel, contractors, or end-users to make or use the Accused Instrumentalities in an infringing manner; advertising and promoting the use of the Accused Instrumentalities in an infringing manner; or distributing instructions that guide users to use the Accused Instrumentalities in an infringing manner.  Defendant is performing these steps, which constitutes induced infringement with the knowledge of the '103 patent and with the knowledge that the induced acts constitute infringement. Defendant is aware that the normal and customary use of the Accused Instrumentalities by others would infringe the '103 patent.  Defendant's inducement is ongoing.

29.     Since at least the time of receiving this Complaint, Defendant has also indirectly infringed and continues to indirectly infringe by contributing to the infringement of the '103 patent. Defendant has contributed and continues to contribute to the direct infringement of the '103 patent by personnel, contractors, customers, and other end users by encouraging them to use the Accused Instrumentalities to perform the steps of the patented process as described in one or more claims

of the '103 patent.  The Accused Instrumentalities have special features that are specially designed to be used in an infringing way and that have no substantial uses other than ones that infringe one or more claims of the '103 patent, including, for example, claim 1 of the '103 patent.  The special features include, for example, the method recited in claim 1, including all the intermediary steps, that allow the claimed method to search a database including a plurality of records, at least some of said records having a plurality of record fields and a plurality of record elements.  The special features constitute a material part of the invention of one or more of the claims of the '103 patent and are not staple articles of commerce suitable for substantial non-infringing use.  Defendant's contributory infringement is ongoing.

30.    Defendant has had knowledge of the '103 patent at least as of the date when it was notified of the filing of this action.

31.    Furthermore, on information and belief, Defendant has a policy or practice of not reviewing the patents of others (including instructing its employees to not review the patents of others), and thus has been willfully blind of Plaintiff's patent rights.

32.    Defendant's actions are at least objectively reckless as to the risk of infringing a valid patent and this objective risk was either known or should have been known by Defendant.

33.    Since at least the time of receiving this Complaint, Defendant's direct and indirect infringement of the '103 patent is, has been, and continues to be willful, intentional, deliberate, or in conscious disregard of Plaintiff's rights under the patent.

34.    Alto Dynamics or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of the '103 patent.

35.     Alto Dynamics has been damaged and continues to be damaged as a result of the infringing conduct by Defendant alleged above.  Thus, Defendant is liable to Alto Dynamics in an amount that compensates it for such infringements, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

36.     Alto Dynamics has suffered and continues to suffer irreparable harm, through its loss of market share and goodwill, for which there is no adequate remedy at law.  Alto Dynamics has and will continue to suffer this harm by virtue of each Defendant's infringement of the '103 patent. Defendant's actions have interfered with and will interfere with Alto Dynamics' ability to license technology.  The balance of hardships favors Alto Dynamics' ability to commercialize its own ideas and technology.  The public interest in allowing Alto Dynamics to enforce its right to exclude outweighs other public interests, which supports injunctive relief in this case.

## COUNT II: INFRINGEMENT OF U.S. PATENT NO. 6,604,100

37.     Alto Dynamics repeats and re-alleges the allegations in the Paragraphs above as though fully set forth in their entirety.

38.     The USPTO duly issued U.S. Patent No. 6,604,100 (the "'100 patent") on August 5, 2003, after full and fair examination of Application No. 09,778,749, which was filed on February 8, 2001.  *See* Ex. B at B-1.  A Certificate of Correction was issued on November 25, 2003.  *See id.,* at B-18.

39.     The '100 patent is entitled "Method For Converting Relational Data Into A Structured Document."  *See* Ex. B at B-1.

40.     Alto Dynamics owns all substantial rights, interest, and title in and to the '100 patent, including the sole and exclusive right to prosecute this action and enforce the '100 patent against infringers, and to collect damages for all relevant times.

41.     The claims of the '100 patent are not directed to an abstract idea and are not limited to well-understood, routine, or conventional activity.   Rather, the claimed inventions include inventive components that improve upon the function and operation for viewing and querying relational data.

42.     The written description of the '100 patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art priority date. The '100 patent also identifies and circumscribes all information necessary for a skilled artisan to perform each limitation in the claims in light of that which was known in the art at the priority date.

43.     Defendant has infringed the '100 patent by using, providing, supplying, or distributing the Accused Instrumentalities.

44.     Defendant has directly infringed, either literally or under the doctrine of equivalents, at least claim 1 of the '100 patent.

45.     For example, the Accused Instrumentalities perform, and allow users to perform, a method for converting relational data from a relational database into a structured document, comprising the steps of storing a view query that defines a structured document view of the relational database, a structure of the view query being independent of a structure of data in the relational database; receiving a user query against the structured document view; forming an executable query by determining a composition of the view query and the user query; partitioning the executable query into a data extraction portion and a construction portion; transmitting the data extraction portion to the relational database; receiving at least one tuple stream from the relational

database according to the data extraction portion; and merging the at least one tuple stream and the construction portion to generate a structured document, wherein the structured document view is capable of defining a document of arbitrary nesting depth.

46.    Alto Dynamics has been damaged as a result of the infringing conduct by Defendant alleged above.  Defendant is liable to Alto Dynamics in an amount that compensates it for such infringements, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

47.    Alto Dynamics or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of the '100 patent.

### COUNT III: INFRINGEMENT OF U.S. PATENT NO. 7,392,160

48.    Alto Dynamics repeats and re-alleges the allegations in the Paragraphs above as though fully set forth in their entirety.

49.    The USPTO duly issued U.S. Patent No. 7,392,160  (the "'160 patent") on June 24, 2008, after full and fair examination of Application No. 11/557.170, which was filed on November 7, 2006.  *See* Ex. C at C-1.

*50.*    The '160 patent is entitled "System And Method For Monitoring Usage Patterns."  *See id.*

51.    Alto Dynamics owns all substantial rights, interest, and title in and to the '160 patent, including the sole and exclusive right to prosecute this action and enforce the '160 patent against infringers, and to collect damages for all relevant times.

52.    The claims of the '160 patent are not directed to an abstract idea and are not limited to well-understood, routine, or conventional activity.   Rather, the claimed inventions include

inventive components that improve upon the function and operation of preexisting systems and methods for monitoring, recording and analysis of user activity.

53.     The written description of the '160 patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the priority date. The '160 patent also identifies and circumscribes all information necessary for a skilled artisan to perform each limitation in the claims in light of that which was known in the art at the priority date.

54.     Defendant has infringed and continues to infringe the '160 patent by using, providing, supplying, or distributing the Accused Instrumentalities.

55.     Defendant has directly infringed and continues to directly infringe, either literally or under the doctrine of equivalents, at least claim 1 of the '160 patent.

56.     For example, the Accused Instrumentalities perform, and allow users to perform, a method for monitoring user usage patterns of a system, comprising the steps providing at least one state object, the object including a profile representative of user usage; storing the state object at a client location; passing, to a central server, the state object with each subsequent interaction initiation; and receiving, from the central server, the state object along with the response of the central server; wherein the profile is modified to reflect the interaction between the client location and the central server; and wherein the central server audits the state object/profile passed to it, and performs analysis on the audited profile in order to direct services and/or information suited to the profile to the client location.

57.     Since at least the time of receiving this Complaint, Defendant has also indirectly infringed and continues to indirectly infringe the '160 patent by inducing others to directly infringe the '160 patent.  Defendant has induced and continues to induce its subsidiaries, partners, affiliates, and end-users, including Defendant's customers and potential customers, to directly infringe, either literally or under the doctrine of equivalents, the '160 patent by using the Accused Instrumentalities.  Defendant took active steps, directly or through contractual relationships with others, with the specific intent to cause them to use the Accused Instrumentalities in a manner that infringes one or more claims of the '160 patent, including, for example, claim 1 of the '160 patent. Such steps by Defendant included, among other things, advising or directing personnel, contractors, or end-users to make or use the Accused Instrumentalities in an infringing manner; advertising and promoting the use of the Accused Instrumentalities in an infringing manner; or distributing instructions that guide users to use the Accused Instrumentalities in an infringing manner.  Defendant is performing these steps, which constitutes induced infringement with the knowledge of the '160 patent and with the knowledge that the induced acts constitute infringement. Defendant is aware that the normal and customary use of the Accused Instrumentalities by others would infringe the '160 patent.  Defendant's inducement is ongoing.

58.     Since at least the time of receiving this Complaint, Defendant has also indirectly infringed and continues to indirectly infringe by contributing to the infringement of the '160 patent. Defendant has contributed and continues to contribute to the direct infringement of the '160 patent by personnel, contractors, customers, and other end users by encouraging them to use the Accused Instrumentalities to perform the steps of the patented process as described in one or more claims of the '160 patent.  The Accused Instrumentalities have special features that are specially designed to be used in an infringing way and that have no substantial uses other than ones that infringe one

or more claims of the '160 patent, including, for example, claim 1 of the '160 patent.  The special features include, for example, the method recited in claim 1, including all the intermediary steps, that allow the claimed method of monitoring user usage patterns of a system.  The special features constitute a material part of the invention of one or more of the claims of the '160 patent and are not staple articles of commerce suitable for substantial non-infringing use.  Defendant's contributory infringement is ongoing.

59.   Defendant has had knowledge of the '160 patent at least as of the date when it was notified of the filing of this action.

60.   Furthermore, on information and belief, Defendant has a policy or practice of not reviewing the patents of others (including instructing its employees to not review the patents of others), and thus has been willfully blind of Plaintiff's patent rights.

61.   Defendant's actions are at least objectively reckless as to the risk of infringing a valid patent and this objective risk was either known or should have been known by Defendant.

62.   Since at least the time of receiving this Complaint, Defendant's direct and indirect infringement of the '160 patent is, has been, and continues to be willful, intentional, deliberate, or in conscious disregard of Plaintiff's rights under the patent.

63.   Alto Dynamics or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of the '160 patent.

64.   Plaintiff has been damaged and continues to be damaged as a result of the infringing conduct by Defendant alleged above.  Thus, Defendant is liable to Alto Dynamics in an amount that compensates it for such infringements, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

65.     Alto Dynamics has suffered and continues to suffer irreparable harm, through its loss of market share and goodwill, for which there is no adequate remedy at law.  Alto Dynamics has and will continue to suffer this harm by virtue of each Defendant's infringement of the '160 patent. Defendant's actions have interfered with and will interfere with Alto Dynamics' ability to license technology.  The balance of hardships favors Alto Dynamics' ability to commercialize its own ideas and technology.  The public interest in allowing Alto Dynamics to enforce its right to exclude outweighs other public interests, which supports injunctive relief in this case.

### COUNT IV: INFRINGEMENT OF U.S. PATENT NO. 8,051,098

66.     Alto Dynamics repeats and re-alleges the allegations in the Paragraphs above as though fully set forth in their entirety.

67.     The USPTO duly issued U.S. Patent No. 8,051,098 (the "'098 patent") on November 1, 2011, after full and fair examination of Application No. 12/691,547, which was filed on January 21, 2010.  *See* Ex. D at D-1. A Certificate of Correction was issued on June 12, 2012.  *See id.,* at D-20.

68.     The '098 patent is entitled "Systems and Methods For State-Less Authentication."  *See* Ex. D at D-1.

69.     Alto Dynamics owns all substantial rights, interest, and title in and to the '098 patent, including the sole and exclusive right to prosecute this action and enforce the '098 patent against infringers, and to collect damages for all relevant times.

70.     The claims of the '098 patent are not directed to an abstract idea and are not limited to well-understood, routine, or conventional activity.  Rather, the claimed inventions include inventive components that improve upon the function and operation of preexisting systems and methods for authenticating users of program objects in distributed computing environments based on negotiated security contexts.

14

71.     The written description of the '098 patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the priority date. The '098 patent also identifies and circumscribes all information necessary for a skilled artisan to perform each limitation in the claims in light of that which was known in the art at the priority date.

72.     Defendant has infringed the '098 patent by using, providing, supplying, or distributing the Accused Instrumentalities.

73.     Defendant has directly infringed, either literally or under the doctrine of equivalents, at least claim 1 of the '098 patent.

74.     For example, the Accused Instrumentalities perform, and allow users to perform, a method for accessing any of a plurality of resources wherein at least some of the resources do not share a common processing platform, comprising the steps of establishing a secure communication session between a user computing device and a logon component, wherein the secure communication session comprises a temporary, interactive information exchange that is set up and then torn down; verifying logon information provided by the user computing device to the logon component using the secure communication session and responsively generating a security context to be employed by the user computing device that is: unique to a user of the user computing device; necessary to access any of the plurality of resources without requiring any follow-on authorization communications between the accessed resource and the logon component.

75.    Alto Dynamics or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of the '098 patent.

76.    Plaintiff has been damaged and continues to be damaged as a result of the infringing conduct by Defendant alleged above.  Thus, Defendant is liable to Alto Dynamics in an amount that compensates it for such infringements, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

**COUNT V: INFRINGEMENT OF U.S. PATENT NO. RE46,513**

77.    Alto Dynamics repeats and re-alleges the allegations in the Paragraphs above as though fully set forth in their entirety.

78.    The USPTO duly issued U.S. Patent No. RE46,513 (the "'513 patent") on August 15, 2017, after full and fair examination of Application No. 13/369,112, which was filed on February 8, 2012.  *See* Ex. E at E-1.  The '513 patent is a reissue of U.S. Patent No. 7,020,645, which was issued on March 28, 2006 after a full and fair examination of Application No. 09/839,551, which was filed on April 19, 2001.  *See id.*

79.    The '513 patent is entitled "Systems and Methods For State-Less Authentication."  *See* Ex. E at E-1.

80.    Alto Dynamics owns all substantial rights, interest, and title in and to the '513 patent, including the sole and exclusive right to prosecute this action and enforce the '513 patent against infringers, and to collect damages for all relevant times.

81.    The claims of the '513 patent are not directed to an abstract idea and are not limited to well-understood, routine, or conventional activity.   Rather, the claimed inventions include inventive components that improve upon the function and operation of preexisting systems and

methods for authenticating users of program objects in distributed computing environments based on negotiated security contexts.

82.     The written description of the '513 patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the priority date. The '513 patent also identifies and circumscribes all information necessary for a skilled artisan to perform each limitation in the claims in light of that which was known in the art at the priority date.

83.     Defendant has infringed and continues to infringe the '513 patent by using, providing, supplying, or distributing the Accused Instrumentalities.

84.     Defendant has directly infringed and continues to indirectly infringe, either literally or under the doctrine of equivalents, at least claim 16 of the '513 patent.

85.     For example, the Accused Instrumentalities include a processing system having resources that are selectively accessible to users, the resources including processors, program objects, and records, the processing system comprising: a communication device through which a user desiring access to a resource communicates sends and receives information in a secure communication session with the processing system; an information database that stores information identifying users to the processing system and authorization information that identifies resources accessible to users and that is necessary for access to resources; and a logon component that communicates with the communication device and with the information database, wherein the logon component receives logon information provided by the user during the secure communication session, verifies the received logon information by matching against information

identifying the user to the processing system that is retrieved from the information database, and generates a security context from the received logon information and authorization information; wherein the logon component provides the security context to the user's communication device, and the user sends, to the processing system, the security context and a request for access to a resource.

86. Since at least the time of receiving this Complaint, Defendant has also indirectly infringed and continues to indirectly infringe the '513 patent by inducing others to directly infringe the '513 patent. Defendant has induced and continues to induce its subsidiaries, partners, affiliates, and end-users, including Defendant's customers and potential customers, to directly infringe, either literally or under the doctrine of equivalents, the '513 patent by using the Accused Instrumentalities. Defendant took active steps, directly or through contractual relationships with others, with the specific intent to cause them to use the Accused Instrumentalities in a manner that infringes one or more claims of the '513 patent, including, for example, claim 16 of the '513 patent. Such steps by Defendant included, among other things, advising or directing personnel, contractors, or end-users to make or use the Accused Instrumentalities in an infringing manner; advertising and promoting the use of the Accused Instrumentalities in an infringing manner; or distributing instructions that guide users to use the Accused Instrumentalities in an infringing manner. Defendant is performing these steps, which constitutes induced infringement with the knowledge of the '513 patent and with the knowledge that the induced acts constitute infringement. Defendant is aware that the normal and customary use of the Accused Instrumentalities by others would infringe the '513 patent. Defendant's inducement is ongoing.

87. Since at least the time of receiving this Complaint, Defendant has also indirectly infringed and continues to indirectly infringe by contributing to the infringement of the '513 patent.

Defendant has contributed and continues to contribute to the direct infringement of the '513 patent by personnel, contractors, customers, and other end users by encouraging them to use the Accused Instrumentalities as described in one or more claims of the '513 patent.   The Accused Instrumentalities have special features that are specially designed to be used in an infringing way and that have no substantial uses other than ones that infringe one or more claims of the '513 patent, including, for example, claim 16 of the '513 patent.   The special features include, for example, the processing system recited in claim 16 having resources that are selectively accessible to users, the resources including processors, program objects, and records.   The special features constitute a material part of the invention of one or more of the claims of the '513 patent and are not staple articles of commerce suitable for substantial non-infringing use.   Defendant's contributory infringement is ongoing.

88.     Defendant has had knowledge of the '513 patent at least as of the date when it was notified of the filing of this action.

89.     Furthermore, on information and belief, Defendant has a policy or practice of not reviewing the patents of others (including instructing its employees to not review the patents of others), and thus has been willfully blind of Plaintiff's patent rights.

90.     Defendant's actions are at least objectively reckless as to the risk of infringing a valid patent and this objective risk was either known or should have been known by Defendant.

91.     Since at least the time of receiving this Complaint, Defendant's direct and indirect infringement of the '513 patent is, has been, and continues to be willful, intentional, deliberate, or in conscious disregard of Plaintiff's rights under the patent.

92.     Alto Dynamics or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of the '513 patent.

93.     Plaintiff has been damaged and continues to be damaged as a result of the infringing conduct by Defendant alleged above.  Thus, Defendant is liable to Alto Dynamics in an amount that compensates it for such infringements, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

94.     Alto Dynamics has suffered and continues to suffer irreparable harm, through its loss of market share and goodwill, for which there is no adequate remedy at law.  Alto Dynamics has and will continue to suffer this harm by virtue of each Defendant's infringement of the '513 patent. Defendant's actions have interfered with and will interfere with Alto Dynamics' ability to license technology.  The balance of hardships favors Alto Dynamics' ability to commercialize its own ideas and technology.  The public interest in allowing Alto Dynamics to enforce its right to exclude outweighs other public interests, which supports injunctive relief in this case.

## JURY DEMAND

95.     Plaintiff hereby requests a trial by jury on all issues so triable by right.

## PRAYER FOR RELIEF

96.     WHEREFORE, Alto Dynamics requests that the Court find in its favor and against Defendant, and that the Court grant Alto Dynamics the following relief:

   a.   Judgment that one or more claims of the Asserted Patents has been infringed, either literally or under the doctrine of equivalents, by Defendant or all others acting in concert therewith;

b.  A permanent injunction enjoining Defendant and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in concert therewith from infringement of the '103 patent, the '160 patent, and the '513 patent; or, in the alternative, an award of a reasonable ongoing royalty for future infringement of the '103 patent, the '160 patent, and the '513 patent by such entities;

c.  Judgment that Defendant account for and pay to Alto Dynamics all damages to and costs incurred by Alto Dynamics because of Defendant's infringing activities and other conduct complained of herein;

d.  Judgment that Defendant's infringements of the '103 patent, the '160 patent, and the '513 patent be found willful, and that the Court award treble damages for the period of such willful infringement pursuant to 35 U.S.C. § 284;

e.  Pre-judgment and post-judgment interest on the damages caused by Defendant's infringing activities and other conduct complained of herein;

f.  That this Court declare this an exceptional case and award Alto Dynamics its reasonable attorneys' fees and costs in accordance with 35 U.S.C. § 285; and

g.  All other and further relief as the Court may deem just and proper under the circumstances.

Dated: <u>February 25, 2022</u>       Respectfully submitted,

By: <u>*/s/ James F. McDonough, III*</u>

Jonathan L. Hardt (TX 24039906) *
**ROZIER HARDT MCDONOUGH PLLC**
712 W. 14th Street, Suite C
Austin, Texas 78701
Telephone: (210) 289-7541
Email: hardt@rhmtrial.com

C. Matthew Rozier (CO 46854) *
**ROZIER HARDT MCDONOUGH PLLC**
2590 Walnut Street, Suite 10
Denver, Colorado 80205
Telephone: (720) 820-3006
Email: matt@rhmtrial.com

James F. McDonough, III (GA 117088) *
Jonathan R. Miller (GA507179) *
Travis E. Lynch (GA 162373) *
**ROZIER HARDT MCDONOUGH PLLC**
3621 Vinings Slope, Suite 4300
Atlanta, Georgia 30339
Telephone (470) 840-9505, -9517, -9514
Email: jim@rhmtrial.com
Email: miller@ rhmtrial.com
Email: lynch@ rhmtrial.com

**Attorneys for Plaintiff *ALTO DYNAMICS LLC***

*Admitted to the Eastern District of Texas

**<u>List Of Exhibits</u>**
A.  U.S. Patent No. 6,691,103
B.  U.S. Patent No. 6,604,100
C.  U.S. Patent No. 7,392,160
D.  U.S. Patent No. 8,051,098
E.  U.S. Patent No. RE46513
F.  TREC: Certificate Of License History
G.  Webpage: TREC License History – Redfin Corporation